**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie Green,<br><br>           Plaintiff,<br><br>vs.<br><br>BootUp PD Incorporated,<br><br>           Defendant. | No. CV-24-02084-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Count Two (Doc. 7), Plaintiff's Response (Doc. 8), and Defendant's Reply. (Doc. 9). The Court rules as follows.

**I.      BACKGROUND**

Plaintiff is a former employee of Defendant who alleges that she was wrongfully terminated in retaliation for reporting conduct that she believed amounted to wage theft. (Doc. 7 at 2). Plaintiff alleges that Defendant deducted compensation from her paychecks that was intended to be contributions to her individual retirement account ("IRA"), then failed to transfer the deducted compensation to her IRA. (Doc. 7 at 2). In early July 2023, Plaintiff allegedly reported the missing deductions to her supervisor, who notified Defendant's then-Chief Executive Officer ("CEO"). (Doc. 1-1 at 5). Throughout the month, the deducted funds remained missing from Plaintiff's IRA despite reassurances from Defendant's CEO that the deductions were safe with Defendant's payroll company. (*Id.* at 6). Plaintiff followed up with the IRA's management company, Fidelity, and the payroll company, who both had no information about where her deducted funds were being

held. (*Id.*). Plaintiff shared this information with her supervisor and told her that Fidelity recommended filing a complaint with the Department of Labor. (*Id.*). On July 21, 2023, when the deducted funds had still not been deposited in Plaintiff's IRA, Plaintiff confronted Defendant's CEO about her concerns with the mismanagement of her compensation and requested to be unenrolled from the company's IRA plan. (*Id.* at 7).

Ten days later, Defendant terminated Plaintiff's employment, citing budgetary reasons. (*Id.*). All other employees in Plaintiff's role, who Plaintiff alleges were younger than her by two decades and less experienced, were retained. (*Id.*). The only other employee terminated, who held a different position than Plaintiff, was not informed that her position was being eliminated due to budgetary reasons. (*Id.*).

Plaintiff alleges that she properly exhausted her administrative prerequisites with the Arizona Attorney General's Office, Civil Rights Division, before bringing this case. (Doc. 1-1 at 7). On July 17, 2024, Plaintiff filed suit in state court, alleging two claims of age discrimination and wrongful termination in violation of Arizona law. (*Id.* at 3). Defendant removed the case to federal court on August 15, 2024 (Doc. 1) and filed the present Motion on September 23, 2024. (Doc. 7).

**II.    LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics,*

*Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

The parties dispute whether Arizona wage laws provide Plaintiff an exclusive remedy that bars Plaintiff from bringing a claim under the Arizona Employment Protection Act ("AEPA"), A.R.S. § 1501, *et seq*. Pursuant to the AEPA, "[a]n employee has a claim against an employer for termination of employment only if," in relevant part, "[t]he employer has terminated the employment relationship of an employee in violation of a statute of this state." A.R.S. § 23-1501(A)(3)(b). However, "[i]f the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee for a violation of the statute are the exclusive remedies for the violation of the statute or the public policy prescribed in or arising out of the statute." A.R.S. § 23-1501(B).

Defendant argues that Plaintiff's Count Two – Wrongful Termination in Violation of the AEPA fails to state a claim upon which relief can be granted. (Doc. 7 at 1). Defendant argues that because Plaintiff's retaliatory discharge claim is based on her wage theft allegations and Arizona wage laws provide remedial schemes for violations, Plaintiff cannot seek relief under the AEPA. (*Id.* at 4). Plaintiff counters that because the remedial scheme under the Arizona Wage Act, A.R.S. § 23-351, only provides a remedy for an employer's failure to pay earned wages, not an employer's wrongful and retaliatory termination of an employee who reports a violation of the Wage Act, Plaintiff's termination claim is not precluded. (Doc. 8 at 3–4).

Plaintiff cites two cases in which courts in this District found that the AEPA did not preclude a plaintiff's wrongful termination claim despite the Arizona Wage Act's remedial scheme. *See Secord v. Marketo Inc.*, No. CV-18-03142-PHX-GMS, 2020 WL 1033165, at *2 (D. Ariz. Mar. 3, 2020) (recognizing § 23-350 can be a base statute for an AEPA claim); *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *2 (D. Ariz. July 24, 2006) (finding that plaintiffs there "stated a cognizable state law retaliation claim stemming from the filing of their Class Action complaint that [defendant] violated an Arizona wage statute.").

"However, more recently courts in this District have been holding the opposite." *Daniels v. Maximus Fed. Servs.*, No. CV-22-01702-SMB, 2024 WL 3758017, at *5 (D. Ariz. Aug. 12, 2024) (collecting cases). Indeed, recent decisions have acknowledged that the plain language of the AEPA's exclusive remedies provision precludes wrongful termination claims based on violations of Arizona wage laws that provide their own remedies and that to ignore such language "would be contrary to the legislative intent behind the statute." *Guernsey v. Elko Wire Rope Inc.*, No. CV-21-00848-PHX-DJH, 2023 WL 5348567, at *3–4 (D. Ariz. Aug. 21, 2023) (analyzing the history of the AEPA and its preclusion of wrongful termination claims based on wage violations); *Kuramoto v. Heart & Vascular Ctr. of Ariz. PC*, No. CV-20-00113-PHX-SMB, 2021 WL 2012668, at *6 (D. Ariz. May 20, 2021) (cleaned up) ("Under the terms of the AEPA, this means that Plaintiff has been granted no statutory right to pursue an action for remedies other than those provided by the Fair Wages Act."). *See also Hayes v. Contin'l Ins. Co.*, 872 P.2d 668, 672 (Ariz. 1994) (holding that where the language of a statute is "clear and unambiguous," Arizona courts apply the plain meaning "without resorting to other methods of statutory interpretation"). The Court declines to depart from this interpretation of the AEPA's exclusive remedies provision. Accordingly, because Plaintiff's wrongful termination claim is based on violations of the Arizona Wage Act, which provides its own remedies for violations thereof, the Court finds that Plaintiff's Count Two fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Leave to amend a deficient complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations omitted).

Here, Plaintiff's Count Two – Wrongful Termination in Violation of the AEPA lacks a cognizable legal theory because it is based on a statute with its own remedies. Because the claim is barred as a matter of law, the Court finds that leave to amend would be futile. Therefore, Plaintiff's Count Two fails to satisfy the pleading standards set forth by Rule 8 and 12(b)(6), and its dismissal is both warranted and necessary.

Accordingly,

**IT IS ORDERED** that Defendant BootUp PD, Inc.'s Motion to Dismiss (Doc. 7) is **granted.**

**IT IS FURTHER ORDERED** that Count Two of Plaintiff's Complaint is **dismissed with prejudice.**

Dated this 24th day of October, 2024.

Honorable Steven P. Logan
United States District Judge